U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 0 2007

ROBERT H SHEMWELL, CLERK
BY_____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **VALERIE WILLIAMS** | * | CIVIL ACTION NO. _____ |
| **VERSUS** | * | **5:07cv0536** |
| | | **JUDGE HICKS** |
| **TYSON FOODS, INC.** | * | **MAG. JUDGE HORNSBY** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes VALERIE WILLIAMS, a resident of and domiciled in DeSoto Parish, Louisiana, and with respect represents:

1.

Jurisdiction is proper in this court because plaintiff is a citizen of the state of Louisiana and defendant is a corporation incorporated in Delaware with its principal place of business in Arkansas. The matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

2.

Venue is proper in this court under the provisions of 28 U.S.C. § 1391 (a) (1), since all defendants reside in the same state and the defendant is subject to personal jurisdiction in this state, within the meaning of §1391(c).

1

3.

The defendant TYSON FOODS, INC. is a corporation incorporated in Delaware with its principal place of business in Arkansas, which does business in Louisiana.

4.

On or about the 3rd day of April, 2006, Valerie Williams was employed by the United States Department of Agriculture as a food inspector, working in the poultry processing plant in Center, Texas which was owned and operated by Tyson Foods, Inc.

5.

Valerie Williams had been employed as a food inspector for 29 years, with the last four years being at the Tyson Foods, Inc. plant in Center, Texas.

6.

Plaintiff's job required her to sit in a hydraulic chair next to a conveyor belt on a poultry production line.

7.

All of the relevant equipment, including the hydraulic chair, was owned by, and in the possession and control of, Tyson Foods, Inc, which had a duty to inspect, maintain, repair, and keep the equipment in a safe and properly working order, and to perform proper, timely and regularly scheduled maintenance and/or repairs of the chairs and other equipment located in the plant.

8.

On or about the 3rd day of April, 2006, the chair in which plaintiff was working, inspecting poultry on the production line, suddenly and without warning dropped, coming to a jolting stop, injuring plaintiff's neck and back.

9.

At all relevant times, plaintiff was performing her job in accordance with her training and experience, and she did nothing to contribute to the collapse of the chair.

10.

Tyson Foods had notice of previous similar problems with the subject chair, which problems had been reported to the maintenance technicians and supervisors employed by Tyson Foods at the plant before plaintiff was injured.

11.

The collapse of the chair, and the resulting injury to plaintiff, was caused by the negligence of Tyson Foods, Inc. and its employees, which includes but is not limited to the following:

- A) Failure to maintain the hydraulic chair in a safe working condition;
- B) Failure to warn the food inspectors of the unsafe condition of the hydraulic chair;
- C) Failure to "red flag" or take the hydraulic chair out-of-service under the circumstances;
- D) Failure to inspect the hydraulic chair or to monitor the condition of the hydraulic chair to ensure that it was in safe working order;
- E) Failure to cause others to inspect the hydraulic chair;

F) Failure to properly train its maintenance employees to inspect the hydraulic chair and to notify the appropriate person in the event of a malfunction;

G) Failure to exercise reasonable care and diligence, prior to April 3, 2006, to ensure that the hydraulic chair was safe for use by the inspectors;

H) Failure to perform timely and adequate maintenance to the hydraulic chair;

I) Failure to follow the appropriate standard of care in the industry for periodic inspection, repair, testing, and maintenance of said hydraulic chair in a safe condition;

J) Failure to exercise reasonable care to discharge its duty to provide employees and invitees with a safe premises; and

K) Failure to inspect and maintain the hydraulic chair, and to perform proper, timely and regularly scheduled maintenance and/or repairs.

12.

Tyson Foods, Inc. is strictly liable to plaintiff by reason of Louisiana Civil Code Articles 2317 and 2317.1 in that Tyson Foods, Inc. knew or should have known by the exercise of reasonable care that the hydraulic chair in its custody was unreasonably dangerous and not in proper working order on the day of this incident, which caused it to malfunction.

13.

Plaintiff shows that the doctrine of res ipsa loquitur is applicable against defendant for the following reasons:

1) The hydraulic chair was in the exclusive control of the defendant;

2) The free fall and abrupt stop of a hydraulic chair during ordinary use is a highly unusual occurrence; and,

3)   A hydraulic chair does not fall and abruptly stop unless the person responsible for its safe condition fails to inspect, maintain or repair it.

14.

As a result of the incident sued on herein, Valerie Williams received injuries about her body, which include, but are not limited to the following:

A)   Injury to her cervical spine and discs resulting in the need for a multi-level surgical fusion of her cervical vertebrae;

B)   Injury to her lumbar spine and discs resulting in radiating pain and weakness from her back down her left lower extremity;

C)   Radiating pain, numbness, tingling and weakness down her left arm into her hand and fingers;

15.

These injuries caused Valerie Williams excruciating mental and physical pain and suffering.

16.

As a result of the accident sued on herein, Valerie Williams has been unable to return to work and has suffered the loss wages in the past and will continue to suffer the loss of wages and earning capacity in the future.

17.

As a result of the accident and the injuries received therefrom, Valerie Williams has sustained damages which include, but are not limited to, the following:

A)   Past medical bills

B)   Future medical bills

C)   Past and future lost wages

D) Past and future lost earning capacity

E) Past mental and physical pain and suffering

F) Future mental and physical pain and suffering

G) Permanent disability

H) Loss of household services

I) Loss of enjoyment of life

WHEREFORE, plaintiff prays that there be judgment herein in favor of the plaintiff, VALERIE WILLIAMS, and against defendant, TYSON FOODS, INC. for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding, as well as all general necessary and equitable relief.

Respectfully submitted,

FISCHER & ASSOCIATES  
Timothy R. Fischer  
Bar Roll No. 5577  
3421 YOUREE DRIVE  
Shreveport, LA 71105  
Telephone: (318) 869-0304  

SAM N. GREGORIO, APLC  
2800 YOUREE DRIVE SUITE 120  
SHREVEPORT, LA 71104  
Telephone: (318) 865-8680  
Facsimile: (318) 865-8565  

BY: _____  
Sam N. Gregorio, Bar Roll No. 6291  
Roy S. Payne, Bar Roll No. 10360 T.A.

ATTORNEYS FOR PLAINTIFF